Hanson, Chancellor, decreed, that the complainant should have a preference agreeably to the prayer contained in his bill.

GENERAL COURT, (E. S.) APRIL TERM, 1801.

### Glassgow's Adm'r. vs. Porter, et. al.

Two actions of debt on two bonds, dated the 2d of March 1771, one of them payable the 1st of May 1771, and the other payable the 1st of May 1777. The writs issued on the 21st of January 1793. The defendants pleaded the *act of limitations.* Replications, the intestate and administrator *beyond seas,* viz. in *Pennsylvania.*

*The act of limitations does not begin to operate until the expiration of the time limited for the payment of the money secured to be paid by the bond, &c.*

*Harper,* for the defendants, contended, that the act of limitations operated from the date of the bond, and not from the time of payment. He cited the act of 1715, *ch.* 23, *s.* 6, which declares that no bond shall be good and pleadable, or admitted in evidence, after the principal debtor or creditor have been both dead twelve years, "or the debt or thing in action above twelve years standing"—meaning, he contended, the debt or thing in action created by the bond.

Chase, Ch. J. The court are of opinion, that the act of limitations does not begin to operate until the expiration of the time limited for the payment of the money.

*David, Alexander,* and *Jas. Scott,* for the plaintiff.
*Key, Harper* and *Barroll,* for the defendants.

GENERAL COURT, MAY TERM, 1801.

### Forbes vs. Perrie's Adm'r.

Action of *assumpsit.* The declaration contained sundry counts; one was, that the intestate being indebted to the plaintiff, on the 1st of March 1793, in the sum of 1121*l* 10s 3*d* current money, for sundry

*On a promise by an administrator to pay a debt of his intestate, he must be sued as administrator.*

MAY 1801

Forbes
vs.
Perrie.

matters, &c. the administrator, in consideration there-
of, on the 1st of April 1798, undertook, &c. Another
count on an *insimul computasset* between the adminis-
trator and the plaintiff and his promise to pay, &c.
See 1 *Harr. Ent.* 161, 162, 179. *Non assumpsit* and
*limitations* pleaded. General replications, and issues
joined.

1. *Shaaff*, for the defendant, contended, as to the
count upon the assumption by the administrator, that
if the administrator did assume, yet the action was
brought wrong, being against the defendant as *ad-
ministrator.* He cited 1 *Ventris*, 268. 2 *Lev.* 122.

*T. Buchanan*, for the plaintiff. The administrator
promises, in his capacity of administrator, and the
action can only be against him as such. He cited 7
*T. R.* 182. 1 *Salk.* 208. 1 *H. Blk. Rep.* 102—and
*Beard Ex'r. of May, vs. Cowman's Ex'r*, October
1793, *(3 Harr. and M'Hen.* 152.*)*

CHASE, Ch. J. The court are of opinion, that the
promise made for the administrator is binding, (if
there are assets,) and the action is well brought.

Where the court
would not compel
the plaintiff to
join in a demur-
rer to his evidence
   Unless the par-
ties can agree up-
on facts there can
be no demurrer to
parol evidence.

2. The defendant *demurred* to the *evidence* offered
to the jury on the part of the plaintiff.

The plaintiff, (for that he had shewn in evidence to
the jury sufficient matter to maintain the two last
issues joined on his part to the pleas of *non as-
sumpsit infra tres annos*, by the defendant, as to
the 5th and 6th counts in the declaration, and from
which evidence the jury might infer an assumpsit
within three years next preceding the impetration of
the original writ in this cause,) refused to join in de-
murrer to the evidence, unless the defendant would
admit the fact on record, that he did, within three
years before the institution of this suit, promise to
pay to the plaintiff the sum of money, to recover
which this action is brought; which the defendant re-
fused to do.

Whereupon the plaintiff prayed the court not to
compel him to join in the said demurrer to evidence.

For which were cited 1 *Morg. Ess.* 448. *Viner's Abr.* 261. *Doug.* 119, 224. *Prac. Reg.* 83. 5 *Co.* 104, *Dyer,* 53. *Bull. N. P.* 316. 2 *H. Blk. Rep.* 187. *Pasch.* 23, 114, 115, 166. *Reg. Plac.* 129.

CHASE, Ch. J. The court are of opinion, that the plaintiff cannot be compelled to join in the demurrer to evidence. Unless the parties can agree upon the facts, there can be no demurrer to parol evidence. The defendant excepted.

3. The defendant offered evidence to the jury, going to prove, that *P. B. Key,* Esquire, an attorney of this court, and who had conducted the business of the plaintiff in particular courts, had the claim (to recover which this suit is brought,) of the plaintiff against the defendant, as administrator of his father, to collect, or bring suit thereon. That he received from the defendant sundry bonds payable to the defendant for money due to him, and gave a receipt for the said bonds, stating that they were to be put in suit for the use of the plaintiff, and the money, when received, to be applied in discharge of the debt due from the defendant as administrator aforesaid to the plaintiff. That suits were brought upon the said bonds for the use of the plaintiff, judgments obtained, and executions issued thereon, and sent by the attorney to the plaintiff; that the plaintiff, relying on the promise of one of the defendants, against whom a *fi. fa.* had issued, prevented the same being laid.

*Where A is indebted to B and gives to C the attorney of both of them, bills, notes, &c. against other persons, to be collected and applied to the payment of B's debt, he thereby makes the attorney his agent and B has no control over him in the collection of such debts.*

The defendant prayed the opinion of the court, and their direction to the jury, that if they were of opinion, from the evidence given in this cause, that the plaintiff by his own act prevented the sheriff from receiving the money upon the said *fieri facias,* when the sheriff, without his interference could and would have received the same upon the said *fi. fa.* that then the defendant is entitled to a credit for the amount of the said debt.

CHASE, Ch. J. The Court are of opinion, that according to the receipt signed by *P. B. Key,* esquire, the said *Key* was the agent of the defendant, and the

plaintiff, and that the bonds were deposited in the hands of the said *Key* by the defendant, for collection, and the money, when received by the said *Key*, was to be paid over by him to the plaintiff, and applied to the discharge of the debt due from the defendant to the plaintiff, and that the plaintiff had no power or authority to interfere in the collection of the money due on the said bonds; but that the same were intrusted to the sole direction and management of the said *Key*. The Court refuse to give the direction to the jury as prayed by the defendant. The defendant excepted.

Where an administrator files as an exhibit in a suit in chancery an account against his intestate in favour of A, it is a sufficient acknowledgment of such account to prevent the operation of the act of limitations; and the attorney of both the administrator and A, is competent to prove that the administrator directed such account to be used as an exhibit, and insisted on in such suit.

4. The plaintiff proved to the jury, that the defendant's intestate was the executor of a certain *C. S. Smith*, and the guardian of his children, and after the death of the said *Smith*, possessed himself of his real and personal estate, and contracted a debt with the plaintiff on behalf of the children of the said *Smith*, for the articles charged in the account upon which this suit is brought *(a)*, and afterwards acknowledged the said account to be just, and promised payment thereof to the plaintiff. That one of the representatives and devisees of the said *Smith* filed a bill in the court of chancery against the said intestate, among other things, for an account of the real and personal estate of the said *Smith*, to which bill the said intestate, by *P. B. Key*, esquire, his solicitor, put in his answer; which bill and answer were offered in evidence. That the said intestate, in the said suit in chancery, produced and exhibited the account before referred to, and claimed a credit against the said representative in discharge of his claim against him the said intestate, for the amount of the said account; that the said account had been sent by the intestate to the said *Key*, to be produced and exhibited as a voucher and claim, in the said suit in chancery, against the said representative, and that the said *Key* did accordingly, at the request and by the direction of the intestate, exhibit the said account in the said suit as a claim and voucher as aforesaid. That on the death

*(a)* There were two suits upon two separate accounts between the parties.

of the intestate, the defendant took out letters of administration on his estate. That the plaintiff employed the said *Key* as his attorney, to recover the said account from the defendant, as the administrator of the intestate. The defendant offered to prove, that he, as administrator aforesaid, employed the said *Key* to appear for and manage the said suit in chancery on his behalf. The plaintiff then offered to prove by the said *Key* that, after he had been employed as aforesaid by the said plaintiff and defendant, he applied to the defendant for payment of the said claim due from the defendant's intestate to the plaintiff, as before mentioned, as well as for another claim due from the said intestate to the plaintiff; and that the defendant told and directed the said *Key* to insist upon the said account being allowed against the said representative of the said *Smith* in the said suit in chancery, in the same manner that his father, the intestate, had done; and delivered to the said *Key* the bonds before referred to, to be sued for the use of the plaintiff, and the money, when received, to be applied to the payment of the claim of the plaintiff against the said intestate; which bonds were applied to a different account, and not to the account before referred to.

The defendant objected to the said testimony being given by the said *Key*.

CHASE, Ch. J. The Court overrule the objection, and permit the evidence of Mr. *Key* to be given to the jury. The defendant excepted. Verdicts and judgment for the plaintiff.

*Martin*, (Attorney General,) *Johnson*, and *T. Buchanan*, for the plaintiff.

*Shaaff* and *Mason*, for the defendant.